*Municipal Court of the*
*City of Boston*
No. 163502

## PACKARD PAPER BOX CO.

### v.

## WILLIAM COLLIER & SON, INC.

Argued: May 10, 1968 Decided: May 24, 1968

*Present:* Adlow, C.J. Gillen, J.,Gorrasi, Sp. J.
Case tried to *Morrissey, J.,* in the Municipal Court of
the City of Boston

*Gillen, J.* This is an action of contract in
which the plaintiff seeks to recover the sum
of $1,533.53 under two counts, one for goods sold
and delivered, the other for special goods manu-
factured by the plaintiff for the defendant.

*There was evidence to the effect that* over a
period of ten years the plaintiff manufactured
paper boxes according to specifications fur-
nished by the defendant. Except for the initial
order in writing and signed by the defendant, no

other written orders were sent by the defendant. Because the plaintiff was virtually a supplier of the boxes required by the defendant, it pursued a policy of making up a supply of boxes which it kept on hand and furnished to the defendant on request. These orders by defendant were not evidenced by any written order. It was a practice of the plaintiff to occasionally advise defendant in writing of the number of boxes it had on hand and available for delivery to the defendant. Except for the occasions when the defendant actually ordered boxes, the defendant made no commitments with respect to the inventory held by the plaintiff. The plaintiff has been paid for all boxes ordered.

Early in 1966, the defendant went out of business selling its entire assets as well as its trade name. At this time the plaintiff informed the defendant of the number of boxes it had on hand. Shortly after, the plaintiff sold some of these boxes to the defendant's successor, who ordered same at the suggestion of the defendant. According to the testimony of the defendant, it arranged this and subsequent sales of boxes solely for the benefit of the plaintiff.

In this action, the plaintiff seeks to recover for the boxes now on hand. It is conceded that the defendant has paid for all boxes ordered and received by it. At the close of the evidence, the plaintiff filed eleven requests for

rulings. It is unnecessary to recite these requests in toto. It is sufficient for our purposes to note that Requests Nos. 3, 4, 5, 6, and 7 are based on a course of dealing between the parties from which a contract of sale might be implied. The court denied these requests for the reason that "they were inapplicable to the facts found", and found for the defendant. *The court made no findings of fact.* Rule 30 of this court provides in part that, "—the court shall state the facts found or the facts recited which it did not find, upon which such refusal is based unless the same appears from special findings." Unfortunately the court made no such finding of fact, and the oversight can only be cured by ordering a new trial.

Finding for defendant vacated. **New trial ordered.**

M. H. GREENBAUM
  of Boston for the Plaintiff
LAURENCE M. JOHNSON
  of Boston for the Defendant